UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| ROBERT HORSE, | ) | CIV. 11-5030-JLV |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER OF DISMISSAL |
| vs. | ) | |
| | ) | |
| DOUGLAS WEBER, Warden, | ) | |
| South Dakota State Penitentiary; | ) | |
| and MARTY JACKLEY, Attorney | ) | |
| General of the State of South | ) | |
| Dakota, | ) | |
| | ) | |
| Respondents. | ) | |

**INTRODUCTION**

On April 4, 2011, petitioner Robert Horse, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Docket 1). Respondents moved to dismiss the petition, alleging Mr. Horse failed to file the petition within the one-year statute of limitations governing § 2254 actions, thereby precluding federal review.  (Docket 8).  Mr. Horse did not file a response to respondents' motion to dismiss.  The court referred the motion to Magistrate Judge Veronica L. Duffy for a report and recommendation.  (Docket 11).  On September 6, 2011, Judge Duffy filed a report recommending the court dismiss with prejudice Mr. Horse's § 2254 petition on statute of limitations grounds.  (Docket 12).  Mr. Horse timely filed objections to the report and recommendation, <u>see</u> Docket 19, thus

triggering *de novo* review of the record.[1]  For the reasons set forth below, the court finds Mr. Horse's § 2254 petition runs afoul of the applicable statute of limitations and must be dismissed.

## DISCUSSION

In her report and recommendation, Judge Duffy found Mr. Horse filed his § 2254 petition well beyond the one-year time limit for doing so and statutory tolling did not apply.  (Docket 12).  Mr. Horse did not object to these findings, <u>see generally</u> Docket 19.  Rather, Mr. Horse objects only to the finding he failed to demonstrate the applicability of equitable tolling. Mr. Horse argues he is entitled to equitable tolling because (1) the state circuit court and his counsel failed to inform him of his right to appeal his sentence and (2) his *pro se* status, lack of knowledge and understanding of the law, and mental deficiencies made it impossible to timely file his § 2254 petition.  <u>Id.</u>

---

[1]The court thoroughly reviewed the filings in the above-captioned case. In addition, the court thoroughly reviewed Mr. Horse's state court files from the Eighth and Fourth Judicial Circuit Courts for the State of South Dakota and the South Dakota Supreme Court.  His juvenile criminal case number in the state circuit court is JUV. 99-43, his adult criminal case number in the state circuit court is CR. 00-23, and his appeal to the South Dakota Supreme Court is file number 21558.  On remand, his adult criminal case number in the state circuit court is CR. 00-23, his habeas case number in the state circuit court is CIV. 06-602, and his habeas appeal number in the South Dakota Supreme Court is 25533.

Mr. Horse's allegations, even if the court accepts them as true, do not justify equitable tolling. Equitable tolling is an extraordinary remedy used only in rare circumstances and "affords the otherwise time-barred petitioner an exceedingly narrow window of relief." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001). "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Id. at 806 (citation and internal quotation marks omitted). Equitable tolling is appropriate only when one of two conditions is present: (1) "extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time," or (2) "[respondent's] conduct lulls the prisoner into inaction." Maghee v. Ault, 410 F.3d 473, 476 (8th Cir. 2005) (emphasis added). In other words, a petitioner may be entitled to equitable tolling only when the conduct of respondents caused the petitioner to be late in filing *or* when "other circumstances, external to the [petitioner] and not attributable to his actions, are responsible for the delay." Id. (citation and internal quotation marks omitted). In addition to one of the above conditions being present, petitioners must demonstrate they "diligently pursue[d] their own post-conviction cases." Id.

It appears from the record the state circuit court did not orally inform Mr. Horse of his right to directly appeal his sentence to the South Dakota

Supreme Court.[2]  Although the circuit court's inaction may have interfered with Mr. Horse's ability to perfect a direct appeal, Mr. Horse failed to explain how this inaction prevented Mr. Horse from filing his federal habeas petition within the one-year statute of limitations.  The circuit court's conduct did not "lull[] [Mr. Horse] into inaction through reliance on that conduct." Riddle v. Kemna, 523 F.3d 850, 858 (8th Cir. 2008) (*en banc*), *abrogated on other grounds by* Gonzalez v. Thaler, __ U.S. __, 132 S. Ct. 641 (2012).  The circuit court did not affirmatively mislead Mr. Horse in any way or impede Mr. Horse's filing efforts.  Id. (collecting inter-circuit cases in which courts allowed equitable tolling where state courts affirmatively misled petitioners regarding the steps needed to preserve their claims).

Additionally, the court finds Mr. Horse did not act diligently in pursuing post-conviction relief.  The circuit court entered the judgment of conviction on August 28, 2002.  Approximately a year later, Mr. Horse prepared a *pro se* motion for modification of sentence, which he forwarded to counsel for filing on August 20, 2003.  The state circuit court denied the motion on August 25, 2003.  Mr. Horse did not make any further attempt to seek relief until October 30, 2006, when he prepared and signed a *pro se*

---

[2]The court notes the judgment of conviction dated August 28, 2002, contained a written notice of Mr. Horse's appeal rights.  During the March 14, 2008, hearing on Mr. Horse's state habeas corpus petition, Mr. Horse testified he received the judgment of conviction sometime after the expiration of the time for appeal.

4

application for writ of habeas corpus, which was filed in the state circuit court on November 6, 2006. Mr. Horse provided no explanation for the three years of complete inaction. Undoubtedly, Mr. Horse, like many prisoners, was unaware of or did not understand the one-year statute of limitations governing § 2254 petitions. However, respondents cannot be blamed for Mr. Horse's lack of knowledge or understanding of federal habeas law.

The court next turns to the conduct of Mr. Horse's counsel. Mr. Horse alleges he is entitled to equitable tolling because his counsel failed to advise him of his right to directly appeal his sentence to the South Dakota Supreme Court. It appears from the record counsel did not inform Mr. Horse of this right. Counsel's inaction cannot justify equitable tolling under the second condition articulated in Maghee, that is, whether "[respondent's] conduct lulls the prisoner into inaction." See Maghee, 410 F.3d at 476. "An impediment to filing must be created by *state action*." Finch v. Miller, 491 F.3d 424, 427 (8th Cir. 2007) (emphasis in original). In the Eighth Circuit, the conduct of post-conviction counsel does not constitute state action for purposes of equitable tolling. Id.

However, in rare circumstances, the conduct of counsel may be so egregious as to satisfy the first condition set out in Maghee, that is, whether "extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time." See Maghee, 410 F.3d at 476. In such cases,

5

counsel invariably deceived or made affirmative misrepresentations to petitioner.  See, e.g., United States v. Martin, 408 F.3d 1089, 1096 (8th Cir. 2005) (finding counsel's conduct particularly egregious so as to justify equitable tolling when counsel consistently lied to petitioner regarding filing deadlines, neglected to file any documents on petitioner's behalf, and falsely represented he had filed post-conviction motion; finding petitioner was not at fault for not filing *pro se* post-conviction motion when he understandably relied on counsel's false representations); Beery v. Ault, 312 F.3d 948, 951-52 (8th Cir. 2002) ("Counsel's false representation that a habeas petition has been filed may warrant equitable tolling."); United States v. Riggs, 314 F.3d 796, 799-800 (5th Cir. 2002) ("An attorney's intentional deceit could warrant equitable tolling, but only if the petitioner shows that he reasonably relied on his attorney's deceptive misrepresentations. . . . [M]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified" even if counsel's conduct may warrant professional discipline.) (citations and internal quotation marks omitted).

The court concludes counsel's actions did not make it impossible for Mr. Horse to file a timely § 2254 petition.  This is not a case where a petitioner understandably relied on his counsel's misrepresentation a § 2254 petition had been filed or was going to be filed or misrepresentation there was no applicable statute of limitations.  See Martin, 408 F.3d at 1095.  Mr. Horse does not allege counsel deceived him in any way or that he

relied on some deception to his detriment.  Counsel's failure to advise

Mr. Horse of his right to direct appeal to the state supreme court had no

impact on Mr. Horse's ability to file a timely federal habeas petition in this

court.

Additionally, the Eighth Circuit has held equitable tolling is not

warranted in the following circumstances: "attorney negligence, simple

error, or even abandonment" (Id. at 1096); counsel's failure to recognize the

importance of AEDPA's[3] statute of limitations, counsel's mistake in

interpreting AEDPA's statutory provisions, and counsel's miscalculation of

the applicable time limits (Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir.

2000)); petitioner's attempt to obtain post-conviction counsel (Jackson v.

Ault, 452 F.3d 734, 736-37 (8th Cir. 2006)); petitioner's misunderstanding

of the proper procedure to file state post-conviction motions (Shoemate v.

Norris, 390 F.3d 595, 598 (8th Cir. 2004)); petitioner's ignorance of the

enactment of AEDPA and lack of adequate access to the prison law library

(Baker v. Norris, 321 F.3d 769, 771-72 (8th Cir. 2003)); petitioner's inability

to obtain post-conviction counsel, lack of knowledge regarding procedures

---

[3]Antiterrorism and Effective Death Penalty Act of 1996.  AEDPA
established the one-year statute of limitations governing § 2254 petitions
codified in 28 U.S.C. § 2244(d)(1).  See 28 U.S.C. § 2244(d)(1); Payne v. Kemna,
441 F.3d 570, 571 (8th Cir. 2006) ("The Antiterrorism and Effective Death
Penalty Act (AEDPA) of 1996 requires a state prisoner seeking federal habeas
corpus relief to file his federal petition within a year after his state conviction
becomes final.").

for filing post-conviction motions, and lack of access to the trial transcript (<u>Jihad</u>, 267 F.3d at 806-07); and petitioner's lack of understanding of the law and failure to recognize the importance of AEDPA's statute of limitations (<u>Cross-Bey v. Gammon</u>, 322 F.3d 1012, 1016 (8th Cir. 2003)).

Mr. Horse also argues his *pro se* status and lack of knowledge and understanding of the law should excuse the untimeliness of his § 2254 petition. (Docket 19 at pp. 4-5 & 7). In light of the above case law, the court finds this argument unavailing. "Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted." <u>Kreutzer</u>, 231 F.3d at 463. This holding is due to the oft-cited legal principle that "everyone is presumed to know the law and is subject to the law whether or not he is actually aware of the particular law of which he has run afoul." <u>Baker</u>, 321 F.3d at 772. Prisoners pursuing claims under habeas law are not exempt from this principle. <u>Id.</u> Although the law in the Eighth Circuit may seem harsh, this court is bound by its precedent.

Finally, Mr. Horse alleges his mental deficiencies justify equitable tolling. The record belies Mr. Horse's assertion. The record clearly indicates Mr. Horse was found legally competent during his underlying state court proceedings. Mr. Horse was working on his general education diploma (GED) during the pendency of those proceedings and eventually obtained his GED. Mr. Horse's alleged mental deficiencies did not hinder him from

seeking post-conviction relief.  Indeed, Mr. Horse prepared a *pro se*

application for writ of habeas corpus filed in the state circuit court on

November 6, 2006.  The application was detailed, articulate, and clear.

Additionally, Mr. Horse filed the present § 2254 petition *pro se*.  Mr. Horse

did not explain how his alleged mental deficiencies resulted in the lengthy

delay in pursuing post-conviction relief in any court.[4]  The court finds Mr.

Horse is not entitled to the extraordinary remedy of equitable tolling.

Consequently, the court finds Mr. Horse's § 2254 petition is time-barred and

federal review cannot lie.

## CONCLUSION

In accord with the above discussion and upon *de novo* review of the

record in this case, including the state court records, it is hereby

ORDERED that respondents' motion to dismiss (Docket 8) is granted.

IT IS FURTHER ORDERED that the report and recommendation

(Docket 12) is adopted in full.

IT IS FURTHER ORDERED that Mr. Horse's objections (Docket 19) are

overruled.

---

[4]The court notes Mr. Horse does not assert a claim of actual innocence, but rather "recognizes his culpability in the crimes committed with remorse and regret," seeking only a lower sentence.  (Docket 19 at p. 5).  Actual innocence generally is not a circumstance sufficient to toll the one-year statute of limitations.  Flanders v. Graves, 299 F.3d 974, 976-77 (8th Cir. 2002).  In rare circumstances, a claim of actual innocence may justify equitable tolling.  See id. (setting out the applicable standard).  The court need not conduct such an analysis as Mr. Horse does not assert a claim of actual innocence.

9

IT IS FURTHER ORDERED that Mr. Horse's petition for writ of habeas corpus (Docket 1) is dismissed with prejudice.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 2253(c) and Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the court declines to issue a certificate of appealability. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added) (establishing a two-prong standard). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the case or that the petitioner should be allowed to proceed further. In such circumstances, no appeal would be warranted." Id. The court does not believe reasonable jurists would find the court's ruling debatable or wrong. Accordingly, a certificate of appealability shall not issue in light of the second prong of the Slack standard.

Although the court declines to issue a certificate of appealability, Mr. Horse may timely seek a certificate of appealability from the United

10

States Court of Appeals for the Eighth Circuit under Fed. R. App. P. 22.  <u>See</u> Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts & Fed. R. App. P. 22.

IT IS FURTHER ORDERED that the Clerk of Court shall promptly mail to Mr. Horse a copy of the Rules Governing Section 2254 Cases in the United States District Courts and a copy of the document entitled "Information Regarding Possible Appeal."

IT IS FURTHER RECOMMENDED that Mr. Horse thoroughly review the Federal Rules of Appellate Procedure, paying particular attention to Rules 4(A), 22, & 24.

Dated March 26, 2012.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE

11